UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cr-0225-SEB-DML |
| | ) | |
| BRANDON DITCHLEY, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on November 30, 2018, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on April 5, 2019, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 5, 2019, defendant Brandon Ditchley appeared in person with his appointed counsel, Dominic Martin. The government appeared by Abhishek Kambli, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Tim Hardy, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Ditchley of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Ditchley questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Ditchley and his counsel, who informed the court they had reviewed the Petition and that Mr. Ditchley understood the violations alleged. Mr. Ditchley waived reading of the Petition. The court summarized the allegations in the Petition.

3. The court advised Mr. Ditchley of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Ditchley was advised of the rights he would have at a preliminary hearing. Mr. Ditchley stated that he wished to waive his right to a preliminary hearing and stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. .

4. The court advised Mr. Ditchley of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

5. Mr. Ditchley advised the court that he wished to give up his right to a hearing and to admit the violations. The court asked him questions to confirm that his decision was knowing and voluntary.

6. Mr. Ditchley, by counsel, stipulated that he committed Violation Numbers 1 and 2 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."**<br><br>On November 15, 2018, Brandon Ditchley failed to report for a scheduled office visit. His whereabouts is unknown. |
| 2 | "Your probation officer must approve where you live. If you plan to move you must tell the probation officer at least 72 hours before you move. If you have to move unexpectedly, you must notify your probation officer within 72 hours of when you move. Your probation officer needs to know where you are living so they can reach you. You must tell your probation officer where you work. If something with your job changes, (such as losing a job, getting a new job, or a change in what you do at work), you must tell your probation officer."<br><br>On August 10, 2018, this officer attempted to visit the offender at his reported residence located at 125 Albany Street. The residents at the location reported the offender did not live there. On the same date, this officer attempted to locate the offender at his mother's residence located at 925 Albany Street. No contact was made with the offender.<br><br>On August 17, 2018, this officer received a law enforcement alert indicating he had contact with the Indianapolis Metropolitan Police Department (IMPD). The officer left a voice mail message indicating he stopped the offender for a jay waking infraction. According to the message, the offender gave the officer his brothers name and identifiers. His brother had an active warrant for a driving offense, and according to the officer, Mr. Ditchley "came clean," and told him his true identity. Mr. Ditchley told the police officer he lied because he thought he had a federal warrant for a probation violation.<br><br>On August 22, 2018, this officer spoke with Mr. Ditchley's ex-girlfriend and mother of his child, Kimberly Hargrave, to ascertain his whereabouts. She reported she saw him two days prior and that he was homeless. Ms. Hargrave was asked to have the offender contact the probation office immediately should she come in contact with him. |

> On August 23, 2018, this officer contact the offender's mother, Darlene Evans, who reported Mr. Ditchley had not lived at her residence since age 17. She was unaware of his whereabouts, and reported he was homeless and that he preferred to live that way. Ms. Evans further stated the offender occasionally comes by her home to visit, but the only way she can reach him is through Kimberly Hargrave.
> On August 23, 2018, this officer made contact with the offender near 1327 State Avenue, where he was observed walking down the street. Mr. Ditchley reported he was homeless and sleeping at a different friend or relative residence each night. This officer asked the offender if he was willing to sign a waiver for Residential Re-entry Center (RRC) placement, and he asked if he could have a week to think about it. Mr. Ditchley was instructed to contact the probation officer on August 31, 2018, with his decision, which he did not do. Multiple attempts have been made to contact the offender, with no success.
>
> On November 8, 2018, this officer mailed correspondence to both the mother and brother of Mr. Ditchley with a scheduled office visit for November 15, 2018. Mr. Ditchley failed to report for the scheduled appointment.

7. The court placed Mr. Ditchley under oath and directly inquired of Mr. Ditchley whether he admitted violations 1, and 2 of his supervised release set forth above. Mr. Ditchley admitted the violations as set forth above.

8. The parties and the USPO further stipulated that:

    (a) The highest grade of Violation (Violation 1) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

    (b) Mr. Ditchley's criminal history category is IV.

    (c) The range of imprisonment applicable upon revocation of Mr. Ditchley's supervised release, therefore, is 6 - 12 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

9. The government argued for a term of incarceration at the low end of the guidelines with no supervised release to follow. The defendant argued for a modification of his supervised release to include placement at a residential reentry center for a period of time with supervised release to follow.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the joint recommendation of the parties and the USPO, **NOW FINDS** that the defendant, Brandon Ditchley, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **MODIFIED** to include, among other things, that Mr. Ditchley reside in a residential reentry center for a term of up to one hundred and eighty (180) days and shall abide by the rules and regulations of the facility. In full, the following modified conditions of supervised release, in addition to the mandatory conditions of supervision, are imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification: Conditions 1-13 are considered administrative in nature and will enable the probation officer to effectively supervise the offender within the community.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: [substance abuse treatment] [substance abuse testing]. The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

16. You shall not use or possess any controlled substance prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that

    impair a person's physical or mental functioning, whether or not intended for human consumption.

Justification: Conditions 14-18 are recommended based on the offender's history of substance abuse.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.

Justification: This condition is recommended based on the nature and circumstance of offender's involvement in the instance offense involving possession of a firearm by a prohibited person (felon).

20. You shall not be a member of any gang or associate with individuals who are members.

Justification: This condition is recommended based on the offender's prior involvement with a gang.

21. You shall reside in a residential reentry center for a term of up to one hundred and eighty (180) days. You shall abide by the rules and regulations of the facility.

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of conditions of supervised release 1 through 20. Condition number 21 was read on the record.

    The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. Any party desiring said review shall have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections to

the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

Counsel for the parties and Mr. Ditchley were notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation modifying Mr. Ditchley's supervised release to include residing at the Volunteers of America for a period of up to one hundred and eighty (180) days with all other terms of supervised release to remain pending the district court's action on this Report and Recommendation. Mr. Ditchley is to self-surrender upon designation by the Federal Bureau of Prisons. Mr. Ditchley is released and is to follow the terms of supervised release pending designation.

IT IS SO RECOMMENDED.

Date: 4/5/2019

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal